IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY THORPE, #291-041    *
     Petitioner,

          *

v.         CIVIL ACTION NO. PJM-06-588

          *

JON P. GALLEY, et al.,
     Respondents.  *

******

## MEMORANDUM OPINION

The above-captioned application for habeas corpus relief, dated March 5, 2006, was received for filing on March 7, 2006.[1]  The Court has considered Respondents' Limited Response (Paper No. 9) and Petitioner's Reply thereto.[2]  (Paper No. 13).  For the reasons that follow, the Petition will be denied and dismissed as time-barred.

## Procedural History

Petitioner seeks to challenge his January 6, 2000, convictions for second degree assault and malicious destruction of property having a value less than $300 obtained following a jury trial in the Circuit Court for Caroline County.[3]  (Paper No. 9, Exhibit 1a at 1).  The convictions were affirmed by the Court of Special Appeals of Maryland, which issued its mandate on

---

[1] Under the "prison mail box rule," the Petition has been deemed to have been filed effective January 12, 2006. *See Houston v. Lack*, 487 U.S. 266, 272-73 (1988); *see also United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998).

[2] Petitioner has also filed a motion for appointment of counsel. Paper No. 21.  There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987).  A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B).  Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures," while Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Here, it is apparent that Petitioner can adequately represent himself, and an evidentiary hearing is not necessary, as the petition is time-barred. Therefore, the motion will be denied.

[3] Petitioner was sentenced that same day to seven years imprisonment in the Maryland Division of Correction and sixty days in the Caroline County Detention Center, to be served consecutive to a sentence he was already serving for violation of an ex parte order.  The seven-year sentence was to be served consecutive to "any and all outstanding and unserved sentences." (Paper No. 9, Exhibit 1a at 2).

November 6, 2000.  (*Id.*, Exhibits 1 and 2).

On August 14, 2001, Petitioner initiated post-conviction proceedings.  (*Id.*, Exhibit 3).
Relief was denied by the Circuit Court on May 22, 2002.  (*Id.*).  A timely application for leave to
appeal the denial of post conviction relief was denied by the Court of Special Appeals on
February 13, 2003.[4]   (*Id.*, Exhibits 3 and 5).

## Legal Analysis

In an effort to curb lengthy delays in filing federal habeas corpus petitions, while
preserving the availability of review when a prisoner diligently pursues state remedies and
applies for federal habeas review in a timely manner, Congress passed the Antiterrorism and
Effective Death Penalty Act ("AEDPA") of 1996.  The AEDPA has substantively modified the
scope and context of federal habeas corpus review of challenges to state court convictions.
Among the changes made by this law was the addition of a one-year statute of limitations in non-
capital cases for persons convicted in a state court.  *See* 28 U.S.C. §2244(d).[5]

---

[4]    The mandate issued March 21, 2003.  (*Id.*, Exhibit 3).  Respondents contend that on February 23,
2003, Petitioner sought a writ of certiorari asking the Court of Appeals of Maryland to review the intermediate
appellate court's denial of his application for leave to appeal the denial of post-conviction relief.  (Paper No. 9 at 5,
n. 4).  Such filing would not toll the limitations period, because that court was without jurisdiction to review a
summary denial of an application for leave to appeal the denial of post-conviction relief.  *See Grayson v. State*, 354
Md. 1, 12 (Md. 1999), quoting *Sherman v. State*, 323 Md. 310, 311 (1991).

[5]    This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of-
>
> > (A)    the date on which the judgment became final by the
> > conclusion of direct review or the expiration of the time for
> > seeking such review;

-2-

> (B)    the date on which the impediment to filing an application
> created by State action in violation of the constitution or laws of the
> United States is removed, if the applicant was prevented from filing by

Petitioner's state court proceedings became final on November 6, 2000.  The limitations period began to run on December 6, 2000, the date on which the time for Petitioner to seek certiorari to the Court of Appeals of Maryland expired.  Petitioner allowed eight months and eight days to lapse before seeking post-conviction relief on August 14, 2001.  After post-conviction relief was finally denied on March 21, 2003, Petitioner waited nearly three more years -- until March 5, 2006 -- before seeking federal habeas corpus review.

Petitioner reiterates his grounds for the granting of habeas corpus relief but provides no information as to why he is entitled to tolling of the limitations period.  (Paper No. 13).  Plainly, the Petition is time-barred.  It shall be dismissed by way of a separately filed Order.


/s/
PETER J. MESSITTE

June 22, 2006                              UNITED STATES DISTRICT JUDGE

---

such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.